CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| EDWARD J. EGAN, SR., ) | |
|     Plaintiff, ) | Civil Action No. 7:06-CV-00338 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA DEPARTMENT OF ) | By: Hon. Glen E. Conrad |
| CORRECTIONS, et al., ) | United States District Judge |
|     Defendants. ) | |

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 on May 31, 2006. The case is presently before the court on the plaintiff's motion to amend his complaint to include claims under Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973 (docket #17). The court will grant the plaintiff's motion to amend his complaint to include the additional claims. However, for the following reasons, the claims will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1)[*], for failure to state a claim upon which relief may be granted.

In his motion to amend, the plaintiff alleges that he recently learned that he is "qualified" to file claims under the ADA and the Rehabilitation Act. The plaintiff contends that he is entitled to bring such claims for the following reasons:

> Some of the reasons that are explained to me is, my listing as cronic [sic] care status needing a cane to move about, in a prison that does not permit one due to its highest security. Plaintiff's vulnerability to beatings, abuse, without recourse for protection, or accidentally getting shot, due to the fact plaintiff cannot hear officers' warnings etc. Plaintiff is also considered under these rules as the prison doctor (Thompson) even said plaintiff needed a heart operation and should be in a prison capable of helping him.

Title II of the ADA and § 504 of the Rehabilitation Act both prohibit discrimination on the basis of disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason

---

[*] This statute provides that the court shall dismiss a complaint, or a portion of a complaint, as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." In Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998), the United States Supreme Court held that Title II of the ADA applies to state prisons. Since that decision, courts have applied the mandates of the Rehabilitation Act to state prisons that accept federal funds. See McIntyre v. Robinson, 126 F. Supp. 2d 394, 407-408 (D. Md. 2000); Scott v. Kelly, 107 F. Supp. 2d 706, 710 (E.D. Va. 2000).

Because the language and purpose of Title II of the ADA and § 504 of the Rehabilitation Act are substantially the same, the same analysis applies to claims brought under either statute. Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1264 n.9 (4th Cir. 1995). In order to establish a violation, a plaintiff must prove: (1) that he has a disability; (2) that he is otherwise qualified for the benefit or program in question; and (3) that he was excluded from the benefit or program due to discrimination solely on the basis of the disability. Id. at 1265.

Having reviewed the allegations in the plaintiff's motion to amend, the court concludes that he has failed to allege facts sufficient to state a claim under either statute. The plaintiff essentially alleges that he is not receiving proper medical treatment at his current place of confinement, and that he should be incarcerated at an institution that is better equipped to handle his medical needs. However, an inmate's medical treatment, or lack of treatment, does not provide a basis upon which to impose liability under the ADA or the Rehabilitation Act. See Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005);

2

Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996); Spencer v. Easter, 109 Fed. Appx. 571, 573 (4th Cir. 2004) (unpublished). Since the plaintiff does not allege that the lack of proper treatment stems from any discriminatory intent related to a disability, his motion to amend fails to state a claim under either statute.

For the reasons stated, the court will grant the plaintiff's motion to amend his complaint to include claims under the ADA and the Rehabilitation Act. However, the claims will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a certified copy of this order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 2d day of ~~July~~ AUGUST, 2006.

/s/ Jack Conrad
United States District Judge