CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 09 2006
JOHN F. CORCORAN, CLERK
BY: J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD JAMES EGAN, SR., <br> Plaintiff, | Civil Action No. 7:06CV00338 |
| v. | **MEMORANDUM OPINION** |
| VIRGINIA DEPT. OF <br> CORRECTIONS, et al., <br> Defendants. | By: Hon. Glen E. Conrad <br> United States District Judge |

The plaintiff, Edward James Egan, Sr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on May 31, 2006. The case is presently before the court on Egan's motion for a preliminary injunction. For the following reasons, the plaintiff's motion will be denied.

### Background

At the time this action was filed, Egan was incarcerated at Wallens Ridge State Prison. Egan alleged that he was not receiving proper medical treatment at Wallens Ridge, and that he had also failed to receive proper medical treatment at Sussex I State Prison, where he was previously incarcerated. Additionally, Egan argued that he had been incorrectly classified, and that he should be housed at a lower security facility. In August of 2006, Egan advised the court that he had been transferred back to Sussex, and that he was scheduled to undergo open heart surgery at a hospital in Richmond. Upon his release from the hospital, Egan notified the court that he had been returned to Sussex. Egan is now housed at Wallens Ridge.

In his present motion, filed on October 10, 2006, Egan seeks an order directing the defendants to transfer him to a "prison medical facility," or a "lower security prison" near a "major medical facility" in "Eastern Virginia," where he would be closer to family members.

Specifically, Egan asks to be transferred to Deerfield Correctional Center, a facility that allegedly accepts older, handicapped inmates. Egan alleges that Wallens Ridge and Sussex are designed for the "worst of the worst inmates," and that neither prison is capable of properly attending to his medical needs.

## Discussion

A preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)). In deciding whether to grant a preliminary injunction, courts must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunctive relief is not granted; (2) the likelihood of harm to the defendants if injunctive relief is granted; (3) the plaintiff's likelihood of succeeding on the merits of the action; and (4) the public interest. Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The plaintiff bears the burden of establishing that these factors support granting a preliminary injunction. Direx Israel, Ltd., 952 F.2d at 812. The likelihood of irreparable harm to the plaintiff is one of the most important factors. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Id. at 360; Direx Israel, Ltd, 952 F.2d at 812.

Having reviewed Egan's allegations, the court concludes that his motion for a preliminary injunction must be denied. While Egan may believe that he would receive better medical care at

2

Deerfield Correctional Center, a lower security prison closer to his family, he has failed to establish that he will suffer imminent, irreparable harm if he remains at Wallens Ridge. Additionally, Egan has no constitutional right to be incarcerated at a particular facility, and prison officials have broad discretion to determine the facility at which an inmate should be housed. See Olim v. Wakinekona, 461 U.S. 238, 245 (U.S. 1983); Meachum v. Fano, 427 U.S. 215, 224 (1976); Waters v. Bass, 304 F. Supp. 2d 802, 805 (E.D. Va. 2004). Because Egan has not demonstrated the type of "extraordinary circumstances," that would permit the court to "substitute [its] own judgment for that of the trained penological authorities charged with the administration of [state] facilities," Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994), his motion for a preliminary injunction must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Egan and counsel of record for the defendants.

**ENTER**: This 8th day of November, 2006.

_____
United States District Judge