CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 21 2006
JOHN F. CORCORAN, CLERK
BY: /s/ L. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD J. EGAN, SR., <br> Plaintiff, | ) <br> ) Civil Action No. 7:06CV00338 <br> ) |
| v. | ) MEMORANDUM OPINION <br> ) |
| VIRGINIA DEPARTMENT OF <br> CORRECTIONS, et al., <br> Defendants. | ) By: Hon. Glen E. Conrad <br> ) United States District Judge <br> ) |

The plaintiff, Edward J. Egan, Sr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Virginia Department of Corrections (VDOC); Gene Johnson, the Director of the VDOC; Page True, the Warden of Sussex I State Prison; David Robinson, the Warden of Wallens Ridge State Prison; Counselor Caruso, an employee at Wallens Ridge; Counselor Drewery, an employee at Sussex I; and Dr. Theodore Thompson, a physician at Wallens Ridge. The case is presently before the court on the motions for summary judgment filed by Johnson, True, Robinson, Caruso, Drewery, and Thompson. For the reasons that follow, the court will grant the defendants' motions. The court will also dismiss all claims against the VDOC, pursuant to 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

At the time this action was filed, Egan was incarcerated at Wallens Ridge. He was previously incarcerated at Sussex I. Egan's complaint includes the following claims: (1) he was denied the right to have a private consultation with the institutional attorney at Wallens Ridge; (2) he is improperly confined in a maximum security facility even though he is eligible for a lower security facility; (3) certain personal property was confiscated upon his transfer to Wallens Ridge; (4) he has received inadequate medical treatment at Wallens Ridge; (5) he has failed to

receive a heart healthy diet at Wallens Ridge; (6) he has been denied access to religious services and employment opportunities; (7) he received inadequate medical treatment at Sussex I; and (8) he has been denied proper credit for jail time and judicial good time. Egan seeks monetary damages and injunctive relief.

Gene Johnson, David Robinson, Page True, Counselor Caruso, Counselor Drewery, and Dr. Theodore Thompson have moved for summary judgment. The defendants argue that Egan has not properly exhaust his administrative remedies with respect to claims one through seven, and that claim eight is not cognizable under § 1983. Since Egan has now filed a response to the defendants' motions, the motions are ripe for review.

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## DISCUSSION

A.  Claims One Through Seven

The defendants argue that Egan has not properly exhausted his administrative remedies

2

Case 7:06-cv-00338-GEC-mfu   Document 50   Filed 12/21/06   Page 2 of 8   Pageid#: 371

with respect to his first seven claims.[1] To support their motions for summary judgment, the defendants have submitted a copy of the relevant grievance procedure, as well as affidavits from Teresa Porrovecchio, the Grievance Coordinator at Sussex I, and Brenda Ravizee, the Grievance Coordinator at Wallens Ridge.

According to Porrovecchio, Egan did not file any grievances while he was confined at Sussex I. Likewise, Brenda Ravizee states that Egan has not filed any grievances since he has been confined at Wallens Ridge. Although Egan attempted to file a grievance at Wallens Ridge regarding his security level classification, the grievance was not accepted for filing because it was submitted outside of the relevant filing period and without certain paperwork.[2]

In response to the defendants' motions, Egan argues that "he has exhausted all administrative remedies that are and were available to him" at Sussex I and Wallens Ridge, and that he has produced copies of "request[s] for assistance and/or service, inmate grievance forms, formal complaints, and letters to various departments and officials...." Egan further alleges that there are "complaint forms, request[s], and letters that [he] has never received responses to as of this day." Egan also contends that, prior to filing this action, he asked a group of Wallens Ridge employees on the recreation yard whether he needed to file any other forms with the prison. One of the employees suggested that Egan contact the Court and Legal Services Section of the VDOC, which Egan alleges he had already done.

The court has reviewed all of the administrative forms that have been produced by Egan.

---

[1] The defendants acknowledge that Egan's eighth claim involves an issue that inmates are not required to grieve.

[2] Egan submitted a copy of this grievance with his original complaint. The grievance was returned to Egan without being logged.

3

The forms include approximately fifty-six requests for information and/or services, two informal complaints, and one regular grievance. In the first informal complaint, which was filed at Wallens Ridge on January 4, 2006, Egan requested assistance locating some of his personal property. The form was handled as an inmate request and forwarded to Major Combs for a response. In the second informal complaint, which was filed at Wallens Ridge on March 31, 2006, Egan alleged that his security classification was incorrect. Counselor Caruso responded to the informal complaint on April 5, 2006. Caruso advised Egan that his security classification was accurate. Egan also attempted to file a regular grievance regarding his security classification. However, as previously stated, the grievance was not accepted for filing because it was submitted outside of the relevant filing period and without certain paperwork.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L.E.2d 12 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. ___, 126 S.Ct. 2378, 2386, 165 L.E.2d 368 (2006).

As a Virginia inmate, Egan is required to exhaust his claims in accordance with the grievance procedure established by the VDOC. In particular, he must comply with VDOC

4

Division Operating Procedure (DOP) 866, which sets forth a multi-step administrative remedy process. This process is explained to inmates during orientation, and a copy of DOP 866 is available for inmates to review upon request. DOP 866-7.2.

Pursuant to DOP 866-7.14, an inmate must file a regular grievance within thirty days of the alleged incident or occurrence. Prior to submitting the grievance, the inmate demonstrate that he made a "good faith" attempt to resolve the issue informally. DOP 866-7.13. Prison officials are required to respond to an informal complaint within fifteen days to ensure that a response is provided prior to the expiration of the thirty-day period in which an inmate must file a regular grievance. DOP 866-7.13. Nonetheless, failure to respond within the fifteen-day period does not prevent an inmate from proceeding with the regular grievance process. The informal complaint form advises inmates that they may proceed with the grievance process if they fail to receive a response to their informal complaints within fifteen days.

Regular grievances must contain only one issue per form. DOP 866-7.14. If the grievance does not meet the criteria for acceptance, the intake section of the grievance is completed, and the grievance is returned to the inmate within two working days. DOP 866-7.14. Inmates may seek review of an intake decision by sending the grievance form to the Regional Ombudsman within five days of its return.[3] DOP 866-7.14. For those grievances that are accepted, there are two to three possible levels of review. DOP 866-7.15. Level I review is conducted by the Warden or Superintendent of the facility in which the inmate is located. If the inmate is dissatisfied with the Level I determination, he may appeal the determination to Level II. Level II review is conducted by the Regional Director, the Health Services Director, or the Chief

---

[3]The court notes that the regular grievance form advises inmates of this procedure.

Case 7:06-cv-00338-GEC-mfu Document 50 Filed 12/21/06 Page 5 of 8 Pageid#: 374

of Operations for Offender Management Services. For most issues, Level II is the final level of review. For those issues appealable to Level III, the Deputy Director or the Director of the Virginia Department of Corrections reviews the grievance. DOP 866-7.15. The time limit for issuing the Level I response is thirty days, and the time limit for the Level II and Level III responses is twenty days. DOP 866-7.16. The expiration of a time limit at any stage of the process automatically qualifies the grievance for appeal to the next level of review. DOP 866-7.16.

Having reviewed the evidence in this case, the court concludes that the defendants have met their burden of proving that Egan has not properly exhausted his administrative remedies with respect to his first seven claims. Egan's allegation to the contrary is wholly conclusory and unsupported by the record. Although Egan attempted to file one regular grievance regarding his security classification, the grievance was rejected during the intake process and returned to Egan without being logged. There is no evidence that Egan sought further review of the intake decision, as required by DOP 866. Moreover, while Egan has produced two informal complaints and an impressive number of inmate request forms, neither the filing of an informal complaint nor the filing of an inmate request form satisfies the exhaustion requirement. Even assuming that prison officials failed to respond to other informal complaints, as Egan also alleges, he was not prevented from grieving his claims altogether. The informal complaint form clearly states that an inmate may proceed with the grievance process if a response is not received within fifteen days. See also DOP 866-716 ("Expiration of a time limit ... at any stage of the process shall qualify the grievance for appeal to the next level of review."). Thus, even if Egan did file additional informal complaints, his failure to seek further review in accordance with DOP 866 compels a

6

finding that he did not properly exhaust his administrative remedies. See Woodford v. Ngo, 126 S. Ct. at 2386 (emphasizing that "proper exhaustion ... demands compliance with an agency's deadlines and other critical procedural rules.").

The court also concludes that Egan has failed to proffer sufficient evidence from which a reasonable jury could find that prison employees prevented him from satisfying the exhaustion requirement. While Egan alleges that he asked a group of employees whether he needed to file any other forms with the prison, and that one of the employees suggested that he contact the VDOC's Court and Legal Services Section, there is no indication that the employee was aware of the precise nature of each of Egan's claims or the specific steps that he had taken to grieve them.[4] In any event, the employee's suggestion did "not constitute the kind or degree of prevention or obstruction after which one might reasonably conclude that [the plaintiff] made a "reasonable attempt" to exhaust his administrative remedies. See Thomas v. N.Y. State Dep't of Corr. Servs., 2003 U.S. Dist. LEXIS 20286, at *9-10 (S.D. N.Y. Nov. 10, 2003). Accordingly, claims one through seven must be dismissed.

B.  Claim Eight

In his eighth claim, Egan alleges that he has been denied credit for certain jail time and judicial good time. He seeks monetary damages and an order directing VDOC officials to award him proper credit. Because either form of relief, if granted, would necessarily imply that the duration of Egan's confinement is invalid, the court agrees with the defendants that claim eight is

---

[4]The court notes that Egan's eighth claim pertaining to jail time and judicial good time is not grievable, and that it involves an issue that is, in fact, handled by the VDOC's Court and Legal Section, which is responsible for computing an inmate's sentence and applying sentencing credits. (Ewing Aff. at 1).

7

not cognizable under § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Accordingly, claim eight must be dismissed.

C. The VDOC

Egan's original complaint listed the VDOC as a defendant. However, because the VDOC is not a proper party to a § 1983 action, any claims against the VDOC must be dismissed. See Strickler v. Waters, 989 F.2d 1375, 1388 (4th Cir. 1993) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

## CONCLUSION

For the reasons stated, the court will grant the motions for summary judgment filed by Gene Johnson, David Robinson, Page True, Counselor Caruso, Counselor Drewery, and Dr. Theodore Thompson, and dismiss all claims against the VDOC, pursuant to 28 U.S.C. § 1915A. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff.

ENTER: This 21st day of December, 2006.

*/s/ Jack Conrad*
United States District Judge